**JUDGE SWEET**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV   7528**

---------------------------------------------------------- X

MONIR UDDIN, MOIDUL ISLAM,
MOHAMMED UDDIN and JAYED ALI, on behalf
of themselves and on behalf of other similarly-
situated individuals,

                        Plaintiffs,

    -against-

244 WEST 14TH LLC d/b/a The Butter Group,
SCOTT SARTIANO and RICHIE AKIVA,

                        Defendants.

---------------------------------------------------------- X

Index No.

**RECEIVED**
SEP 17 2014
**U.S.D.C. S.D. N.Y.**

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

**Jury Trial Demanded**

       Plaintiffs Monir Uddin, Moidul Islam, Mohammed Uddin and Jayed Ali (collectively,

"Plaintiffs"), on behalf of themselves and all other similarly-situated individuals, by and through

their undersigned counsel Wigdor LLP, as and for their Complaint in this action against

Defendants 244 West 14th LLC d/b/a The Butter Group ("Butter Group"), Scott Sartiano ("Mr.

Sartiano") and Richie Akiva ("Mr. Akiva") (collectively, "Defendants"), hereby allege as follows:

## NATURE OF THE CLAIMS

    1.     Plaintiffs are former service employees of Defendants who worked at a restaurant

and lounge Defendants owned and operated called The Darby, located at 244 West 14th Street in

New York, New York which portrayed itself as a supper club that offered its guests live

entertainment during their dinners.

    2.     During their employments with Defendants at The Darby, Plaintiffs, who were

employed as Bussers and Runners, and other similarly-situated service employees, were subjected

to numerous violations of federal and state labor laws, including (i) failure to pay minimum wage

and overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and

the New York Labor Law ("NYLL"), §650 *et seq*; (ii) illegal retention of employee gratuities and "charges purported to be gratuities" in violation of NYLL § 196-d; (iii) failure to pay employees for all hours worked in violation of NYLL § 191 *et seq.*; (iv) failure to provide "Spread of Hours" compensation in violation of New York Compilation of Codes, Rules and Regulations ("NYCRR") § 142-2.4 *et seq.*; and (v) failure to provide uniform purchase and maintenance reimbursement in violation of New York State Hospitality Wage Order § 146-1.7 *et seq.*

3.     Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. §216(b), on behalf of themselves and on behalf of all other similarly-situated persons who were employed at The Darby as "Servers," "Bussers," "Runners," or other similar service "tipped" employee positions who were not paid the minimum wage for all hours worked or proper overtime wages for all hours worked over forty (40) hours in a workweek during the full statutory limitations period (the "FLSA Collective Period").  Plaintiffs and all such other similarly-situated persons are jointly referred to herein as the "FLSA Collective."

4.     Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23 on behalf of themselves and on behalf of all other similarly-situated persons who were employed at The Darby as "Servers," "Bussers," "Runners," or other similar service "tipped" employee positions who: (a) were not paid the minimum wage for all hours worked; (b) were not paid proper overtime wages for all hours worked over forty (40) hours in a workweek; (c) were not provided the gratuities and/or "charges purported to be gratuities" which were unlawfully retained from their wages; (d) were not paid for all hours worked; (e) were not paid "Spread of Hours" pay; and (f) were not lawfully compensated by Defendants for uniform purchase and maintenance costs during the full statutory limitations

period (the "NYLL Class Period").  Plaintiffs and all other such similarly-situated persons are jointly referred to herein as the "NYLL Class."

## JURISDICTION AND VENUE

5.     Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL.

6.     Pursuant to 28 U.S.C. §1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

7.     Plaintiffs' claims are properly consolidated as a single action because their claims involve the same defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## PARTIES

8.     Defendant 244 West 14th LLC d/b/a The Butter Group ("Butter Group") is a New York corporation, which owns and operated numerous restaurants and nightclubs in New York City, as well as in Las Vegas, Nevada, Mexico City, Mexico, Southampton, New York and Los Angeles, California.  Among the Butter Group's currently existing restaurants and nightclubs in New York City alone include "Butter," "1OAK," and "Up and Down."

9.     Between in or about November 2010 and in or about July 2013, the Butter Group operated The Darby, which was located at 244 West 14th Street in New York City.

10.    Upon information and belief, the Butter Group now operates a nightclub called "Up and Down" at the location that The Darby formerly occupied.

11.    At all relevant times, the Butter Group was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by §203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

12.    Defendant Scott Sartiano is and has been, at all relevant times, co-owner of the Butter Group.  In this capacity, Defendant Sartiano has exercised sufficient control of the Butter Group's, and specifically The Darby's day-to-day operations, including, but not limited to, how employees are compensated, to be considered Plaintiffs' "employer" under all applicable laws.

13.    Defendant Richie Akiva is and has been, at all relevant times, co-owner of the Butter Group.  In this capacity, Defendant Akiva has exercised sufficient control of the Butter Group's, and specifically The Darby's day-to-day operations, including, but not limited to, how employees are compensated, to be considered Plaintiffs' "employer" under all applicable laws.

14.    Plaintiff Monir Uddin is an adult resident of Queens County, New York, and was employed at The Darby as a Busser from in or about March 2011 to in or about July 2013.  At all relevant times, Mr. Uddin was an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Plaintiff Uddin will be filed with the Court.

15.    Plaintiff Moidul Islam is an adult resident of Queens County, New York, and was employed at The Darby as a Runner and a Busser from in or about November 2010 to in or about October 2011.  At all relevant times, Mr. Islam was an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Plaintiff Islam will be filed with the Court.

16.    Plaintiff Mohammed Uddin is an adult resident of Kings County, New York, and was employed at The Darby as a Busser from in or about August 2011 to in or about April 2013.

At all relevant times, Mr. Uddin was an "employee" within the meaning of all applicable statutes. A Consent to Participate as a Plaintiff in this action executed by Mr. Uddin will be filed with the Court.

17.   Plaintiff Jayed Ali is an adult resident of Queens County, New York, and was employed at The Darby as a Busser from in or about May 2011 to in or about September 2013. At all relevant times, Mr. Ali was an "employee" within the meaning of all applicable statutes. A Consent to Participate as a Plaintiff in this action executed by Mr. Ali will be filed with the Court.

## FACTUAL ALLEGATIONS

### Minimum Wage Violations

18.   Defendants were permitted under the FLSA and NYLL to pay certain tipped employees at a statutory hourly rate that is less than the standard hourly minimum wage rate, so long as the "tips" or "gratuities" that such tipped employee was expected to receive, when added to the hourly wages, met or exceeded the standard hourly minimum wage, and so long as Defendants did not retain any portion of the tips.

19.   However, Defendants were not entitled to avail themselves of the reduced minimum wage by applying the tip credit allowance for Plaintiffs, the FLSA Collective, and the NYLL Class, because, *inter alia*, Defendants retained a portion of the tips shared by employees.

20.   As such, Defendants were obligated to pay Plaintiffs, the FLSA Collective, and the NYLL Class the standard hourly minimum wage rate, and not any reduced minimum wage through application of a tip credit.

21.   At all relevant times, Plaintiffs, the FLSA Collective, and the NYLL Class were required to pool their tips with other service employees, and would receive tips based on a point system that corresponded to each employee's specific position.

22.     However, Defendants and managers of The Darby unlawfully retained a portion of the tip pool for themselves.

23.     At all relevant times, Defendants knew that nonpayment of the minimum wage would economically injure Plaintiffs, the FLSA Collective, and the NYLL Class and violated federal and state laws.

**Overtime and Off-The-Clock Violations**

24.     Defendants regularly reserved The Darby for private events.  By way of example only, in or about 2012, Defendants reserved The Darby for a private event hosted by actor Leonardo DiCaprio.

25.     Plaintiffs and the members of the FLSA Collective and NYLL Class would routinely work at these private events held at The Darby.  Plaintiffs estimate working approximately forty (40) such private events during each of their employments at The Darby.

26.     For the work performed during such private events, Defendants would compensate Plaintiffs and members of the FLSA Collective and NYLL Class a flat amount, without regard to the specific number of hours worked during the event.

27.     In fact, Defendants did not record how many hours Plaintiffs and members of the FLSA Collective and NYLL Class worked during private events.

28.     In addition, Plaintiffs and the members of the FLSA Collective and NYLL Class worked from time to time in excess of forty (40) hours per workweek.

29.     As a result of Defendants' failure to record the number of hours Plaintiffs and the members of the FLSA Collective and NYLL Class worked each workweek at private events, and as a result of Defendants' failure to factor in the hourly wage rate paid to Plaintiffs and the members of the FLSA Collective and NYLL Class during these private events when calculating

regular hourly rates for purposes of determining overtime wages, Plaintiffs and the members of the FLSA Collective and NYLL Class were not compensated at one and one half times their regular rate of pay for all hours worked over forty per workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law § 650, *et seq.*

30.     In addition, Defendants also routinely failed to pay Plaintiffs and the members of the FLSA Collective and the NYLL Class for all hours worked, resulting in substantial "off-the-clock" work performed by Plaintiffs and members of the FLSA Collective and NYLL Class, in violation of NYLL § 191.  This uncompensated, "off-the-clock" work also resulted in Plaintiffs and the members of the FLSA Collective and NYLL Class not receiving compensation at one and one half times their regular rate of pay for all hours worked over forty per workweek, in violation of the overtime provision of the FLSA and NYLL.

**New York Labor Law §196-d Violations**

31.     During private events held at The Darby, customers were charged an automatic/mandatory service charge, which was 20% of their bill (the "Service Charge").

32.     Defendants led or knowingly allowed the reasonable customer to believe that the Service Charge was a gratuity by, *inter alia*, calling it a "service charge," representing to customers that the Service Charge was a gratuity, and failing to tell customers that the Service Charge was not a gratuity.

33.     Moreover, customers hosting private events at the Darby ordinarily did not leave any gratuity for Plaintiffs and the NYLL Class members other than what they paid to Defendants pursuant to the Service Charge.

34.     Throughout the relevant time period, Defendants had knowledge of NYLL § 196-d and the legal requirement that service employees are entitled to the gratuities.  By way of example

only, although Defendants made "tip sheets" or other similar documents that recorded the amount of tips collected from customers and the manner in which they were distributed to employees available for employees to review on nights when no private event took place at The Darby, Defendants would not make any such "tip sheet" or other similar document, including any "Breakdown of Event" sheet, demonstrating how the Service Charge or any other gratuity collected by Defendants during private events was distributed available for service employees to inspect.

35.     Accordingly, Defendant retained all or a portion of the monies collected pursuant to the Service Charge or other gratuities during private events held at The Darby, in violation of NYLL § 196-d.

36.     By not distributing the entirety of the Service Charge to Plaintiffs and the NYLL Class members, Defendants unlawfully demanded and retained the gratuities or charges purported to be gratuities.  Defendants did not allow Plaintiffs and the NYLL Class members to retain all of the gratuities and charges purported to be gratuities they had earned.

**"Spread of Hours" Violations**

37.     Defendants also failed to pay Plaintiffs and the members of the NYLL Class their proper "Spread of Hours" pay as required under New York law.

38.     Specifically, Defendants were required to pay Plaintiffs and the NYLL Class an extra hour of wages at the minimum wage rate if an employee's shift or shifts spanned more than 10 hours in a single day.

39.     However, Defendants would routinely shave time off from Plaintiffs' and the NYLL Class' timesheets and paystubs.  As a result, on days when Plaintiffs and members of the NYLL Class worked at or above 10 hours, Plaintiffs' and the NYLL Class' timesheets and

paystubs would not reflect that they in fact worked at or above 10 hours that day. Accordingly, Plaintiffs and the members of the NYLL Class would not be paid "Spread of Hours" pay for that day.

40.     As such, Defendants failed to comply with the requirement to compensate Plaintiffs and the NYLL Class with an extra hour of wages at the minimum wage rate when they worked more than 10 hours in a single day.

**Uniform Purchase and Maintenance Violations**

41.     In addition, during their employment at The Darby, Plaintiffs and the NYLL Class members were required to wear a uniform consisting of, *inter alia*, a black or pink shirt, black pants, and an apron/chef's coat, which could not be worn as part of the Plaintiffs' and NYLL Class members' ordinary wardrobe.

42.     Not all of the articles of clothing for the uniforms were provided to Plaintiffs and the NYLL Class members by Defendants.

43.     The clothes were of a particular style determined by Defendants.

44.     The clothing that Plaintiffs and the NYLL Class members were required to wear while working at The Darby constituted a uniform within the meaning of the New York Labor Law.

45.     Defendants have not reimbursed Plaintiffs and the NYLL Class members for the cost of purchasing the uniforms.

46.     These mandated uniforms could not be cleaned along with Plaintiffs' and the NYLL Class members' every-day clothing, and required dry cleaning and/or other special treatment.

47.     Defendants did not wash and maintain these uniforms for Plaintiffs and the NYLL Class members.

48.     Defendants did not reimburse Plaintiffs and the NYLL Class members for the cost of cleaning and maintaining the uniforms.

49.     Defendants knew that the foregoing acts violated the FLSA and NYLL, and would economically injure Plaintiffs, the FLSA Collective and the NYLL Class.

50.     Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective and the NYLL Class.

51.     Defendant committed the foregoing acts knowingly, intentionally and willfully.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

52.     Plaintiffs bring their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of all other similarly-situated persons who were employed at The Darby as "Servers," "Bussers," "Runners," or other similar service "tipped" employee positions during the FLSA Collective Period.

53.     At all relevant times, Plaintiffs and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendants' practice of willfully failing and refusing to pay them the minimum wage for all hours worked, and proper overtimes wages for hours worked over 40 each workweek.

54.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime wage provisions of the FLSA.

55.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. §207 by not paying the FLSA Collective and Plaintiffs the minimum wage for all hours worked and proper overtime wages for all hours worked over 40 each workweek.

56.     Defendants' violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

57.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum and overtime wages, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

58.     While the exact number of the FLSA Collective is unknown to Plaintiffs at the present time, upon information and belief, there are at least fifty (50) other similarly-situated persons who were employed at The Darby as "Servers," "Bussers," "Runners," or other similar service "tipped" employee positions during the FLSA Collective Period.

59.     Plaintiffs are currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed at The Darby as "Servers," "Bussers," "Runners," or other similar service "tipped" employee positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses, so Plaintiffs can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

60.     Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly-situated persons who were employed at The Darby as "Servers," "Bussers," "Runners," or other similar service

"tipped" employee positions during the NYLL Class Period who were not paid the minimum wage for all hours worked, proper overtimes wages for all hours worked over 40 each workweek, who were unlawfully denied gratuities or charges purported to be gratuities, not paid for all hours worked, not paid "Spread of Hours" pay, and not paid uniform purchase and maintenance costs.

61. The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiffs, and the NYLL Class were paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

62. The NYLL Class, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying the minimum wage to the NYLL Class for all hours worked, not paying them proper overtime wages for all hours over 40 each workweek, retaining gratuities or charges purported to be gratuities, not paying the NYLL Class for all hours they worked, not paying the NYLL "Spread of Hours" pay, and not paying uniform purchase and maintenance costs.

63. During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiffs and the NYLL Class, and that those duties were not exempt from the overtime and other applicable provisions of the NYLL and/or its regulations.

64. As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the NYLL Class and Plaintiffs the minimum wage for all hours worked, proper overtimes wages for all hours worked over 40 each workweek, by unlawfully withholding gratuities or charges purported to be gratuities, by not paying for all hours worked, by not paying "Spread of Hours" pay, and by not paying for the purchase and maintenance of uniforms.

65.     Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the NYLL Class.

66.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the NYLL Class for the full amount of their unpaid minimum and overtime wages, the gratuities or charges purported to be gratuities retained by Defendants, the straight time wages not paid, the "Spread of Hours" pay not paid, and the costs of purchasing and maintaining uniforms, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the NYLL Class.

67.     Certification of the NYLL Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the NYLL Class.  Plaintiffs have standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the NYLL Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the NYLL Class and Defendants.

68.     Plaintiffs' claims raise questions of law and fact common to the NYLL Class. Among these questions are:

    a.  Whether Defendants employed Plaintiffs and the NYLL Class members within the meaning of the NYLL;

    b.  Whether Defendants failed to pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours worked during the NYLL Class Period;

c.  Whether Defendants unlawfully retained a portion of the tips and gratuities earned by Plaintiffs and the NYLL Class and distributed into the tip pool;

d.  Whether Defendants paid Plaintiffs and the NYLL Class members proper overtime wages for all hours worked over 40 each workweek worked during the FLSA Collective and NYLL Class Period;

e.  Whether Defendant failed to pay Plaintiffs and the NYLL Class one and one half times their hourly rate for all hours worked in excess of forty (40) hours per week;

f.  Whether Defendant failed to maintain accurate records of the hours worked by Plaintiffs and the NYLL Class as required by the NYLL;

g.  At what common rate, or rates subject to common methods of calculation, were Defendants required to pay Plaintiffs and the Class members for their work;

h.  Whether the Service Charge charged to Defendants' private event customers was a gratuity within the meaning of NYLL § 196-d;

i.  Whether Defendants illegally retained Plaintiffs' and the NYLL Class' gratuities or charges purported to be gratuities, such as the Service Charge, during private events;

j.  Whether Defendants compensated Plaintiffs and the NYLL Class for all hours worked;

k.  Whether Defendants paid Plaintiffs and the NYLL Class "Spread of Hours" pay;

l.  Whether Defendants caused Plaintiffs to work "off-the-clock";

m.  Whether Defendants compensated Plaintiffs and the NYLL Class members for the cost of their uniforms;

n.  Whether Defendants compensated Plaintiffs and members of the NYLL Class for the costs of maintaining their uniforms;

o.  Whether Defendants' violations of the NYLL and/or its regulations were willful.

69.     These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

70.     Plaintiffs are members of the NYLL Class that they seek to represent.  Plaintiffs' claims are typical of the claims of the NYLL Class.  The relief Plaintiffs seek for the unlawful

policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

71.     Plaintiffs' interests are co-extensive with those of the NYLL Class that they seek to represent in this case.  Plaintiffs are willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action.  Plaintiffs have retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.  The combined interests, experience and resources of Plaintiffs and their counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

72.     Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

73.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiffs' and the NYLL Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

74.     The common issues of fact and law affecting Plaintiffs' claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

75.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class.  There will be no difficulty in the management of this action as a class action.

76.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiffs and the NYLL Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

77.     The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least fifty (50) similarly-situated persons who were/are employed at The Darby as "Servers," "Bussers," "Runners," or other similar service "tipped" employee positions during the NYLL Class Period.

78.     Plaintiffs are currently unaware of the identities of the NYLL Class.  Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed at The Darby as "Servers," "Bussers," "Runners," or other similar service "tipped" employee positions during the NYLL Class Period, along with their last known addresses, telephone numbers and e-mail addresses, so Plaintiffs can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

### FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations)

79.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

80.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

81.     During the FLSA Collective Period, Defendants did not pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

82.     As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

83.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

84.     Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wage, an additional equal amount in liquidated damages, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations)

85.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

86.     Throughout the FLSA Collective Period, Plaintiffs and the other members of the FLSA Collective regularly worked and continue to work in excess of forty (40) hours per workweek.

87.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay Plaintiffs and the FLSA Collective at one and one half times their hourly wage for all work in excess of forty (40) hours per workweek.

88.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective at the required overtime rate, one and a half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

89.     Due to Defendants' FLSA violations, Plaintiffs and the members of the FLSA Collective are entitled to recover from Defendants damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

### THIRD CLAIM FOR RELIEF
**(NYLL Minimum Wage Violations.)**

90.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

91.     The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

92.     During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours worked for Defendants.

93.     As a result of Defendants' failure to pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

94.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

95.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (NYLL Overtime Violations)

96.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

97.     Throughout the NYLL Period, Plaintiffs and the other members of the NYLL Class regularly worked and continue to work in excess of forty (40) hours per workweek.

98.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay Plaintiffs and the NYLL Class at one and one half times their hourly wage for all work in excess of forty (40) hours per workweek.

99.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the NYLL Class at the required overtime rate, one and a half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

100.    Due to Defendants' NYLL violations, Plaintiffs and the members of the NYLL Class are entitled to recover from Defendants damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

## FIFTH CLAIM FOR RELIEF
### (NYLL Violations for Illegal Deductions from Gratuities)

101.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

102.    Plaintiffs and the NYLL Class members were employed by Defendants at The Darby within the meaning of NYLL §§ 2 and 651.

103.    NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity[.]"

104.    During the NYLL Period, Defendants unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiffs and the NYLL Class, including, but not limited to, during private events, in violation of NYLL § 196-d.

105.    Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendants the amount of retained gratuities, liquidated damages, attorneys' fees and costs, and interest.

**SIXTH CLAIM FOR RELIEF**
**(Failure to Pay Wages for All Hours Worked in Violation of NYLL §191)**

106.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

107.    The NYLL requires covered employers, such as Defendants, to pay employees for the wages with the requisite frequency in accordance with their agreed upon terms of employment.  Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them for all wages earned in accordance with their agreed terms of employment under the NYLL.

108.    During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class their wages earned in accordance with their agreed terms of employment.

109.    As a result of Defendants' failure to pay Plaintiffs and the NYLL Class their wages earned in accordance with their agreed terms of employment, Defendants violated the NYLL.

110.    The foregoing conduct of Defendants constitutes willful violations of the NYLL.

111.    Defendants' violations of the NYLL has significantly damaged Plaintiffs and the NYLL Class and entitles them to recover the total amount of their unpaid wages earned in accordance with their agreed terms of employment, an additional amount in liquidated damages, and attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF
### ("Spread of Hours" Pay Violations)

122.   Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

123.   During the NYLL Period, Plaintiffs and members of the NYLL Class regularly worked more than 10 hours in a workday.

124.   Defendants failed to compensate Plaintiffs and members of the NYLL Class one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

125.   Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendants the "Spread of Hours" pay, liquidated damages, as well as attorneys' fees, costs, and interest.

## EIGHTH CLAIM FOR RELIEF
### (NYLL Uniform Requirement Violations)

126.   Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

127.   During the NYLL Period, Defendants required Plaintiffs and the NYLL Class members to purchase their uniforms at their own expense in violation of the NYLL, including, but not limited to, New York State Hospitality Industry Wage Order § 146-1.8.

128.   Defendants required Plaintiffs and the NYLL Class members to clean and maintain their uniforms at their own expense in violation of the NYLL, including, but not limited to, New York State Hospitality Industry Wage Order § 146-1.7.

129.   Defendants' failure to reimburse Plaintiffs and the NYLL Class for the costs of purchasing, cleaning and maintaining the uniforms was willful within the meaning of New York Labor Law § 663.

130.    Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendant the cost of uniform purchase, together with the required uniform maintenance reimbursement, liquidated damages, as well as attorneys' fees, costs, and interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA Collective and the NYLL Class, respectfully requests that this Court:

A.    Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.    Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216, and direct Defendants to provide Plaintiffs with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.    Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.    Award Plaintiffs and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E.    Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiffs with a list of all members of the NYLL Class, including all last known addresses, telephone numbers and e-mail addresses of each such person,

so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

       F.      Designate Plaintiffs as representatives of the NYLL Class, and their counsel of record as class counsel;

       G.      Determine the damages sustained by Plaintiffs and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of the Plaintiffs and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

       H.      Award Plaintiffs and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

       I.      Award Plaintiffs, the FLSA Collective and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

       J.      Grant Plaintiffs, the FLSA Collective and the NYLL Class such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and on behalf of all other similarly-situated persons,

hereby demand a trial by jury on all issues of fact and damages.

Dated: September 17, 2014
      New York, New York

Respectfully submitted,

WIGDOR LLP

By: _____
      Douglas H. Wigdor
      David E. Gottlieb
      Tanvir H. Rahman

85 Fifth Avenue
New York, NY 10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845
dwigdor@wigdorlaw.com
dgottlieb@wigdorlaw.com
trahman@wigdorlaw.com

*Attorneys for Plaintiffs and the Proposed*
*FLSA Collective and NYLL Class*